IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MICHAEL ALLEN KENNEY,

           Plaintiff,

v.                                            CIVIL ACTION NO. 2:19-cv-00020

KANAWHA COUNTY E.M.T., et al.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

By standing order dated January 4, 2016, and entered in this case on January 8, 2019, this matter is referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.) The reference is hereby **WITHDRAWN**. And for the reasons explained more fully herein, this action is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

*I.    BACKGROUND*

Plaintiff Michael Allen Kenney ("Plaintiff") brings this purported 42 U.S.C. § 1983 action against Defendants Kanawha County E.M.T. and E.M.T. Ambulance Department and John Does 1 and 2, E.M.T. Medical Paramedics (collectively, "Defendants"). (ECF No. 2 at 4, 8.) He alleges that on January 11, 2017, he was involved in a rollover vehicle accident in Saint Albans, West Virginia, to which

Defendants responded upon request from Saint Albans police officers after Plaintiff complained of a head injury causing pain, dizziness, and nausea. (*Id.* at 10–11.) According to Plaintiff, "the EMT Guy Looked at [his] Head [and] it Had a bad gash in it and [was] Bleeding [but] he only Renced [sic] it out[,] Wraped [sic] it and told the officers [Plaintiff] was ok." (*Id.* at 11.) Plaintiff alleges that he was then taken to the police station "and Handcuffed to a wall," and when "the officer went and complaind [sic] that [Plaintiff] was Really Hurt," Defendants were "called again to take [him] to the Hospitol [sic]." (*Id.* at 11–12.) He avers that "the EMTs was [sic] very Hostiol [sic] and Mean and Rude" to him, and at the hospital "it was determined" that his injuries "were more suver [sic] than the EMTs expected." (*Id.* at 12.) Plaintiff requests $60,000 in compensatory damages and $40,000 in punitive damages, in addition to the "cost of this suit and Medical Bills and Lawyer Bills." (*Id.* at 14–15.)

Plaintiff filed his Complaint (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) on January 7, 2019. The Application was granted by Order and Notice dated June 13, 2019. (ECF No. 14.)

## II. LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e). This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that

2

. . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).

This Court conducts a similar screening process when, as in this case, "a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). This screening also requires this Court to dismiss a complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1).

When reviewing the complaint for failure to state a claim under either statute, this Court applies the same standards that it applies to review a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)); *De'Lonta v. Johnson*, 708 F.3d 520, 524 (4th Cir. 2013) (citing *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005)). That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir.

2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. DISCUSSION

Although Plaintiff claims that Defendants' actions violated his Eighth Amendment rights under the federal Constitution (ECF No. 2 at 10, 13), the Eighth Amendment's protections apply only to "convicted and sentenced prisoners." *Loftus v. Kanawha Cty. Sheriff's Dep't*, No. 2:18-cv-01345, 2021 WL 2419449, at *3 (S.D.W. Va. May 19, 2021), *adopted by* 2021 WL 2418575 (S.D.W. Va. June 14, 2021). The facts alleged in the Complaint, which detail Plaintiff's treatment by Defendants at the scene of a vehicle accident and transport by Defendants to the hospital after booking at the police station, suggest that he was not a convicted and sentenced prisoner on January 11, 2017. (ECF No. 2.)

More importantly, Plaintiff's allegations sound in mere negligence. He claims that Defendants "Neglected there [sic] Hypocratic [sic] oath" and "Deveated [sic] from [the] standerd [sic] of cair [sic]," but he does not allege any facts showing that they did so with malintent or with some specific knowledge that he was badly injured. (*Id.* at 10.) To the contrary, he avers that at the hospital "it was determined" that his injuries "were more suver [sic] than the EMTs expected." (*Id.* at 12.) In other

4

words, this is nothing more than a medical negligence case.[1] "[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) (citing *Daniels v. Williams*, 474 U.S. 327, 328 (1986)). As such, Plaintiff's Complaint fails to state a claim against Defendants under 42 U.S.C. § 1983.

To the extent the Complaint alleges state-law medical negligence claims against Defendants, this Court lacks jurisdiction over such claims. Plaintiff purportedly alleges that Defendants are, like him, citizens of West Virginia for diversity purposes. (ECF No. 2 at 9.) But diversity jurisdiction provides a federal forum for actions "between . . . citizens of different States." 28 U.S.C. § 1332(a). Therefore, this Court is not an appropriate forum for any state-law medical negligence claims against Defendants.

### IV.    CONCLUSION

For the foregoing reasons, this action is hereby **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

---

[1] Plaintiff appears to agree with this characterization of his claims, as he describes this action as one for "Neglegent [sic]/Neglect/Mawpractice [sic]/and Violation of Civil Rights" in his motion for default judgment. (ECF No. 18 at 3.)

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to Plaintiff.

ENTER: September 7, 2021

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE